IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. KIMBERLY G. BORLAND, an individual, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> 1. FARWEST CORROSION CONTROL ) <br> COMPANY, a foreign corporation, ) <br> ) <br> **Defendant.** ) | CASE NO.: 17-CV-403-CVE-MJX <br><br> JURY TRIAL DEMANDED <br><br> ATTORNEY'S LIEN CLAIMED <br> FOR THE FIRM |

## COMPLAINT

**COMES NOW** the Plaintiff, Kimberly G. Borland (hereinafter "Plaintiff"), by and through her attorney of record Charles C. Vaught of the firm *Armstrong & Vaught, P.L.C.* and hereby submits the following *Complaint* against the Defendant, Farwest Corrosion Control Company (hereinafter "Defendant"). In support thereof, Plaintiff would respectfully show as follows:

### PARTIES, JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.*, and the common law of the State of Oklahoma.

2. Plaintiff was at all times relevant to this action employed by Defendant within the Northern District of Oklahoma.

3. Plaintiff was at all times relevant to this action domiciled in and a citizen of the State of Oklahoma.

4. Defendant was at all times relevant to this action a Texas corporation which maintained an office in Tulsa County in the State of Oklahoma.

5. Plaintiff was at all times relevant to this action an employee as that term is defined by Title VII of the Civil Rights Act.

1

6. Defendant is, and was at all times relevant to this action, an employer as that term is defined by Title VII of the Civil Rights Act.

7. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(4) and 28 U.S.C. § 1331, because the action arises under the Constitution and laws of the United States, and pursuant to the doctrine of pendent jurisdiction.

8. Pursuant to 28 U.S.C. § 1391(b), this action properly lies in the Northern District of Oklahoma as a substantial portion of the events or omissions giving rise to this claim occurred in the Northern District of Oklahoma.

9. Plaintiff has exhausted the statutorily required remedies for judicial review under Title VII of the Civil Rights Act by submitting the attached Charge of Discrimination [**Ex. 1**] to the U.S. Equal Employment Opportunity Commission. Attached hereto is Plaintiff's Notice of Right to Sue [**Ex. 1**] received from that agency on May 5, 2017 in regards to her claims of discrimination and retaliation against Defendants. Plaintiff's Charge of Discrimination and Notice of Right to Sue is incorporated in her *Complaint* as though fully set forth herein.

## OPERATIVE FACTS

10. On December 7, 2015, Plaintiff was hired by Farwest Corrosion Control Company as a Business Development Specialist through a temporary employment agency.

11. During Plaintiff's employment, she was subjected to inappropriate sexual comments and jokes in the workplace by Andy Hartmeier. The jokes and comments were made in the presence of Plaintiff's co-workers and in the presence of Defendant's customers. A relevant, non-exclusive list of such comments include the following examples:

2

a. A co-worker, Keri Hall, was discussing her pregnancy with Mr. Hartmeier and he inquired as to whether she was sure that her boyfriend had "came" during intercourse;

b. On January 12, 2016, the employees presented Plaintiff with a birthday cake that read "Happy Birthday Kim." Mr. Hartmeier removed the dot above the "I" in Kim so that it appeared to read "Happy Birthday Kum."

c. Plaintiff accompanied Mr. Hartmeier to a customer's business location. Mr. Hartmeier showed Plaintiff a picture on his phone from his wife of an explicit sex act, a man in a horse carriage seat with a woman backed up to him with leather on. On the trip back to the office, Mr. Hartmeier continued to make sexually explicit comments such as pointing out places where he and his wife had engaged in "threesomes," pointing out a location where he had received oral sex, and pointing out a place where, as he stated, "a girl I used to fuck lived there."

d. On January 18, 2016, Plaintiff accompanied Mr. Hartmeier to the Pipeliners Club Meeting, where he took it upon himself to show Plaintiff how to make "boobs" out of a cloth napkin. Plaintiff asked Mr. Hartmeier to stop being inappropriate, to no avail.

e. On February 11, 2016, Plaintiff toured MidAmerica Pipe in Scammon, Kansas with Nancy Graves, Dean Graves and Mr. Hartmeier. Mr. Graves explained how the owner had started the company making widgets in his bedroom and now owned four huge steel pipe shops for fabrication and pipe coating. Plaintiff made the comment "I cannot believe that this all started from the guy's bedroom." At that point, Mr. Hartmeier said, "Everything starts in the bedroom." Plaintiff was very

embarrassed by the comment but Ms. Graves laughed and stated that Mr. Hartmeier "is always heading in that direction or making references like that."

    f. On March 7, 2016, Mr. Hartmeier attempted to show Keri Hall and Plaintiff inappropriate pictures and to engage with them in sexually explicit talk and disgusting jokes. Ms. Hall and Plaintiff both told Mr. Hartmeier that they were tired of his behavior and tried to close their office door to keep him out.

    g. On March 9, 2016, Plaintiff asked Mr. Hartmeier a question about her Amazon account and he made the comment, "We never buy anything from Amazon. I think we bought a sex toy or something once."

    h. Plaintiff bought cupcakes for the office and Michelle Guerrero chose a vanilla cupcake with flakes on it that looked like plastic. Mr. Hartmeier made the comment that the cupcake "looked like edible underwear." He then looked at Plaintiff and stated "I know you have a story about edible underwear."

    i. On numerous occasions Mr. Hartmeier informed the females in the office, as well as Matt Schoen in the shop, that he had "gotten a blow job from his wife at lunch."

    j. Throughout her employment with Defendant, Mr. Hartmeier sent her text messages which included sexually explicit images and sexual jokes.

12. Throughout her employment, Plaintiff continually advised Mr. Hartmeier that his sexual comments were inappropriate but, as a temporary employee, felt vulnerable regarding her employment status and unsure of what to do to address Mr. Hartmeier's inappropriate comments.

13. On January 28, 2016, Plaintiff began suffering from tension headaches, as a well as sleepless nights, as a result of Mr. Hartmeier's behavior.

14. On February 16, 2016, Plaintiff confronted Mr. Hartmeier in front of Keri Hall regarding his behavior and questioned him as to whether he realized his behavior was inappropriate. Mr. Hartmeier's response was to simply laugh at Plaintiff's comments.

15. On the morning of March 11, 2016, Plaintiff met with Ms. Graves and advised her that Mr. Hartmeier was refusing to assist with a quotation and then proceeded to inform Ms. Graves about Mr. Hartmeier's inappropriate sexual references and comments in the workplace.

16. Subsequently, Plaintiff, Ms. Graves and Mr. Hartmeier met to discuss the quote and the behavioral issues Plaintiff had disclosed to Ms. Graves. Mr. Hartmeier denied the inappropriate behavior during the meeting.

17. Ms. Graves later informed Plaintiff that she was not the first employee to complain about Mr. Hartmeier's behavior and that, in fact, an employee from another office location had complained about comments that Mr. Hartmeier had made during a phone call and that Matt Waldrop, a technical sales employee, had also complained to her about his behavior as well.

18. As a result of Plaintiff's complaint, Mr. Hartmeier avoided any form of interaction with her while they were at work.

19. On March 18, 2016, Ms. Graves advised Plaintiff that a formal investigation had been completed regarding Mr. Hartmeier's behavior. At the conclusion of this discussion, Ms. Graves transferred Plaintiff to the shop where she was required to thread pipe, which had never been duties she performed as a Business Development Specialist.

20. On March 31, 2016, Ms. Graves informed Plaintiff that her work was satisfactory and that Plaintiff was on track to being hired as a full-time employee. Plaintiff was further informed

by Ms. Graves that she would begin receiving commissions after she was hired full time at the end of April.

21. In early April, Plaintiff was provided and completed all of the new hire paperwork necessary to become a full-time employee.

22. On Monday, April 25, 2016, Plaintiff met with Ms. Graves and Mr. Waldrop. During this meeting, Plaintiff was informed that she was not being hired on as a full-time employee, due to "tough times" and that Ms. Graves had already packed up her desk.

23. Plaintiff was subjected to unwelcome sexual harassment during her employment with Defendant, in violation of Title VII of the Civil Rights Act.

24. Plaintiff's employment with Defendant was terminated in retaliation for reporting the sexual harassment she was subjected to as an employee, in violation of Title VII of the Civil Rights Act.

25. As a result of the sexual harassment and the retaliatory discharge, Plaintiff has suffered, and continues to suffer, lost wages and benefits as well as headaches, anxiety and emotional distress.

### FIRST CLAIM FOR RELIEF
### (SEXUAL HARASSMENT IN VIOLATION OF TITLE VII)

26. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

27. By and through, but not limited to, the events described herein, Plaintiff's terms and conditions of employment were adversely affected, and a hostile work environment was created, due to the on-going sexual harassment directed toward Plaintiff.

28. By and through, but not limited to, the actions described above, Defendant has violated Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. §§ 2000e, *et seq.*

29. As a direct and proximate cause of said actions by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation and other pecuniary losses.

30. Defendant's actions were willful and done with reckless indifference to Plaintiff's rights, thus warranting an award of punitive damages in Plaintiff's favor.

31. Plaintiff has been injured by the sexual harassment she was subjected to and is entitled to compensatory and punitive damages and any other damages permitted under Title VII of the Civil Rights Act of 1964 and 1991, as amended.

## SECOND CLAIM FOR RELIEF
## (RETALIATION IN VIOLATION OF TITLE VII)

32. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

33. Plaintiff followed the proper procedures as an employee of Defendant in exercising her federally protected right to report sexual harassment she was being subjected to as an employee in Defendant's employ.

34. Plaintiff reported the discrimination she was subjected to as an employee to a proper agent to receive such complaints.

35. As a direct result of Plaintiff's complaint, Defendant altered the terms, conditions and/or privileges of Plaintiff's employment by, among other retaliatory acts, terminating Plaintiff's employment.

36. As a direct result of Plaintiff's complaint, Defendant retaliated against Plaintiff for exercising her federally protected right to report the sexual harassment she was subjected to in the workplace.

## THIRD CLAIM FOR RELIEF
## (NEGLIGENT SUPERVISION)

37. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

38. Defendant knew or should have known that Defendant's agent and/or employee had a propensity for sexually harassing employees, as demonstrated by the observations of its management and/or supervisory employees, other employee's prior reports of that behavior, and Plaintiff's prior reports of same.

39. That, at the time Defendant's agent and/or employee was sexually harassing Plaintiff, Defendant had reason to believe that this employee would create an undue risk of harm to others.

40. That Defendant failed to act upon this belief.

41. That Plaintiff was injured because of Defendant's failure to act.

42. That Plaintiff's injuries are a direct and proximate result of Defendant's failure to act.

**WHEREFORE**, premises considered, Plaintiff prays for a declaration that the conduct engaged by the Defendant was in violation of Plaintiff's rights; for an award to Plaintiff for the equitable relief of lost wages, an award of compensatory damages to compensate Plaintiff for the emotional distress, mental anguish and humiliation she has suffered, and an award of punitive damages to punish Defendant for its violations of federal and state law, all in excess of One Hundred Thousand Dollars ($100,000.00); award Plaintiff her costs and expenses, including a reasonable attorney's fee, as provided for by applicable law; award an assessment of damages to compensate for any tax consequences of this judgment; and for any such further legal or equitable relief this honorable Court deems just and proper.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**

By:/s/ Charles C. Vaught
**Charles C. Vaught, OBA #19962**
2727 E. 21st Street, Suite 505
Tulsa, Oklahoma 74114
(918) 582-2500 – Telephone
(918) 583-1755 – Facsimile
cvaught@a-vlaw.com
***Attorney for Plaintiff***

EXHIBIT 1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 564-2016-01228 |

**Oklahoma Attorney General's Office, Office of CR Enforcement** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Kimberly G. Borland | (918) 760-9095 | 01-29-1969 |

Street Address: 2525 W. Broadway, Broken Arrow, OK 74012

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| FARWEST CORROSION CONTROL CO | 101 - 200 | (918) 627-9333 |

Street Address: 3148 S. 108th E. Ave Ste. 100, Tulsa, OK 74146

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 12-07-2015  Latest: 04-25-2016
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I was hired as a temporary employee on or about December 7, 2015 and worked in the position of Business Development Specialist. Shortly after my employment began, I was subjected to lewd and vulgar conduct of an explicit sexual nature by Andy Hartmeier, male, Operations Manager. Mr. Hartmeier routinely made sexually explicit comments which were offensive. Mr. Hartmeier also sent me sexually explicit text messages. After repeatedly opposing Mr. Hartmeier's unwanted conduct, I confronted him on or about February 16, 2016 in the presence of a female colleague, and told him his behavior was inappropriate. Mr. Hartmeier laughed. On or about March 11, 2016 I reported the unlawful conduct to Nancy Graves, female, Regional Manager. On or about March 18, 2016 Ms. Graves informed me that a formal investigation had been accomplished. After Ms. Graves informed me of the investigation, I was ordered to thread pipe and work in the shop which were outside of my normal duties. On or about March 31, 2016 Ms. Graves informed me that my work was satisfactory, that I was on track to become a permanent full-time employee, and that my commissions would start after I was hired full-time around the end

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 10/31/16
Charging Party Signature: *Kimberly Borland*

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year) 10-31-16

*Heather Aldridge*
Notary Public
State of Oklahoma
HEATHER ALDRIDGE
WAGONER COUNTY
COMMISSION #15003653
Comm. Exp. 04-20-2019

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 564-2016-01228 |

**Oklahoma Attorney General's Office, Office of CR Enforcement** and EEOC
*State or local Agency, if any*

of April, 2016. Around the beginning of April, 2016, I completed my new hire paperwork. On or about April 25, 2016 I was terminated.

II. No reason was given for the sexual harassment. Nancy Graves, female, Regional Manager, informed me that the reason for my discharge was tough times.

III. I believe I have been discriminated against by being sexually harassed because of my sex (female), and thereafter discharged in retaliation for my opposition to the unwanted, inappropriate and unlawful conduct in violation of Title VII of the Civil Rights Act of 1964, as amended.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 10/31/16
Charging Party Signature: [signature]

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year) 10-31-16

[Notary seal: HEATHER ALDRIDGE, Notary Public, State of Oklahoma, WAGONER COUNTY, COMMISSION #15003653, Comm. Exp. 04-20-2019]
[signature] Heather Aldridge

EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Kimberly G. Borland  
2525 W. Broadway  
Broken Arrow, OK 74012

From: Oklahoma City Area Office  
215 Dean A. McGee Avenue  
Suite 524  
Oklahoma City, OK 73102

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 564-2016-01228 | Tandi J. Dillard, Investigator | (405) 231-4317 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Tandi Dillard_      May 3, 2017

Holly Waldron Cole,  
Area Office Director     (Date Mailed)

Enclosures(s)

cc: Robin Hoyle  
Human Resources Director  
FARWEST CORROSION CONTROL CO.  
12029 Regentview Ave.  
Downey, CA 90241

Charles C. Vaught  
ARMSTRONG & VAUGHT PLC  
2727 E. 21st Street, Ste. 505  
Tulsa, OK 74114

RECEIVED 05.05.17

**EXHIBIT 2**